## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JOSE E. TORRES-CANALES**,

      Petitioner,

      v.

**UNITED STATES OF AMERICA**,

      Respondent.

Civ. No. 13-1533 (ADC/BJM)
(Related to Cr. No. 07-121 (ADC))

### REPORT AND RECOMMENDATION

Jose E. Torres-Canales ("Torres-Canales") filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. No. 13-1533, Docket No. 1). In February 2008, Torres-Canales was tried and convicted in this court of conspiracy to possess with intent to distribute controlled substances within 1,000 feet of a protected location. (Cr. No. 07-121-[15] (ADC)). Torres-Canales claims ineffective assistance of counsel, particularly that his attorney gave him poor advice regarding a proposed plea offer, resulting in an ill-advised decision to go to trial. The government opposed the motion and requested summary dismissal on the ground that it is time-barred. (Civ. No. 13-1533, Docket No. 5). This matter was referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Civ. No. 13-1533, Docket No. 9). For the reasons that follow, I recommend that the petition be **DENIED** and that the case be **DISMISSED**.

### BACKGROUND

On March 19, 2007, a sealed indictment was issued against Torres-Canales, along with other codefendants. (Cr. No. 07-121 [15], Docket No. 1). On February 27, 2008, Torres-Canales was found guilty as to Count One of the indictment, which charged a violation of 21 U.S.C. §§ 841, 846, 851 and 860: that is, conspiracy to possess with intent to distribute controlled substances within 1,000 feet of a protected location. (Cr. No. 07-121 [15], Docket No. 1125).

The sentencing hearing was held on May 20, 2008. (Cr. No. 07-121 [15], Docket

No. 1493). Judgment entered on the same date. (Cr. No. 07-121 [15], Docket No. 1515). Torres-Canales was sentenced to a term of imprisonment of 360 months. *Id.* In addition, the court imposed a supervised release term of 10 years and a special monetary assessment of $100. *Id.* Torres-Canales did not file a notice of appeal.

On May 10, 2013, Torres-Canales requested permission to file an out-of-time motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Cr. No. 07-121 [15], Docket No. 2273). Petitioner, apparently assuming the retroactivity of the holdings of *Lafler v. Cooper,* —— U.S. ——, 132 S. Ct. 1376 (2012), and *Missouri v. Frye,* —— U.S. ——, 132 S. Ct. 1399 (2012), requested equitable tolling, alleging only that he missed the filing deadline. (Cr. No. 07-121 [15], Docket No. 2273). On May 16, 2013, an order was entered granting petitioner's motion. (Cr. No. 07-121 [15], Docket No. 2275).

Torres-Canales's § 2255 petition was delivered on July 1, 2013, and entered in the court's civil docket on July 8, 2013. (Civ. No. 13-1533, Docket Nos. 1, 1-3). Petitioner argues that in *Lafler* and *Frye*, the Supreme Court recognized a new constitutional right on March 21, 2012, that was made retroactively applicable to his case. The government filed a response in opposition to the motion to vacate on May 30, 2014. (Civ. No. 13-1533, Docket No. 5). The government argues that petitioner's reliance on *Lafler* and *Frye* is misplaced because these cases do not establish a newly recognized right to effective assistance of counsel during the plea bargaining process. The government further raises a statute of limitations defense.

## DISCUSSION

Under 28 U.S.C. § 2255(a), a federal prisoner may move for post-conviction relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Torres-Canales argues that he is entitled to relief or an

evidentiary hearing where he can demonstrate he is entitled to relief. Petitioner is required to make a substantial threshold showing that he is entitled to such a hearing. *Wade v. United States,* 504 U.S. 181, 186, (1992). "[E]videntiary hearings on motions are the exception, not the rule." *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993). "[E]ven in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or post trial motion. Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment." *Id.* (citations omitted).

Petitioner has urged that because he is appearing *pro se*, his pleadings are to be construed liberally. *See Erickson v. Pardus,* 551 US 89, 94 (2007). Notwithstanding, petitioner's *pro se* status does not liberate him from abiding with both procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d. 886, 890 (1st Cir. 1997); *Lassalle-Velazquez v. United States,* 948 F. Supp. 2d 188, 191 (D.P.R. 2013).

Petitioner claims ineffective assistance of counsel, specifically that his attorney gave him poor advice regarding a proposed plea offer, resulting in an ill-advised decision to go to trial. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. amend. VI. "But '[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of a reasonably effective assistance under the circumstances.'" *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993) (alteration in original) (quoting *United States v. Natanel*, 938 F.2d 302, 309–10 (1st Cir. 1991)). The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence. *Id.* To establish a Sixth Amendment violation, a petitioner must show (1) deficient performance, meaning that counsel's performance fell below an objective standard of reasonableness; and (2) prejudice, meaning that, but for counsel's errors, the outcome would likely have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The *Strickland* standard applies equally to the plea bargaining stage. *Frye*,

132 S. Ct. at 1405 (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). Counsel's complete failure to communicate formal plea offers to the defendant constitutes deficient performance. *Id.* at 1408. And where "a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler*, 132 S. Ct. at 1387. But whether conduct short of failure to communicate and advise is deficient must be measured against prevailing professional norms. *Frye*, 132 S. Ct. at 1408. And where the alleged ineffective assistance led to a plea offer's lapse or rejection, to establish prejudice, the defendant must show

> a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385.

The government here argues that the court need not reach the alleged *Lafler* issue because the petition must be dismissed as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a limitation period of one year for federal inmates seeking relief under 28 U.S.C. § 2255. Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence.

Judgment entered against Torres-Canales on May 20, 2008. (Cr. No. 07-121 [15], Docket No. 1515). His conviction became final on June 3, 2008, the last day on which he could have filed a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i) (criminal defendant must file notice of appeal within 14 days after entry of judgment). Petitioner did not file his § 2255 motion until July 2013, over five years later. (Civ. No. 13-1533, Docket No. 1). Petitioner's claim is therefore untimely under § 2255(f)(1) and must be dismissed unless it falls within one of the other subsections.

To that end, petitioner argues that he is asserting a newly recognized right within the meaning of § 2255(f)(3), namely the holdings of *Lafler* and *Frye*. However, the majority of circuit courts that have addressed the issue have held that neither *Lafler* nor *Frye* announced a "newly recognized right." *Gallagher v. United States*, 711 F.3d. 315, 315 (2d Cir. 2013); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012); *Hare v. United States*, 697 F.3d. 878, 879–80 (7th Cir. 2012); *Buenrostro v. United States,* 697 F.3d. 1137, 1140 (9th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2012).

Importantly, the First Circuit has also considered the matter and concluded that in neither *Lafler* nor *Frye* did the Supreme Court declare a "newly recognized right." In *Pagan-San Miguel v. United States,* 736 F.3d. 44, 45 (1st Cir. 2013), the First Circuit held that the Supreme Court's decisions in *Lafler* and *Frye* did not establish a new rule of constitutional law made retroactive to cases on collateral review. Accordingly, § 2255(f)(3) does not save the claim from the running of the statute of limitations.

Nevertheless, the court must determine whether the limitations period should be equitably tolled, as petitioner urges. A petitioner arguing in favor of equitable tolling must demonstrate that (1) he was diligently pursing his rights, and (2) he was precluded from timely filing his habeas petition due to some extraordinary circumstance. *Ramos-*

*Martinez v. United States*, 638 F.3d 315, 323 (1st Cir. 2011). "To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly.'" *Neverson v. Farquharson*, 366 F. 3d 32, 42 (1st Cir. 2004) (quoting *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 95 (1990)). Torres-Canales has the burden of showing that AEDPA's one-year statute of limitations should be equitably tolled. *Ramos-Martinez*, 638 F.3d at 323. However, he has not proffered any evidence of extraordinary circumstances which prevented him from filing a timely petition. Petitioner has failed to show that he exercised reasonable or due diligence in seeking relief.

Finally, I note that the basis for petitioner's *Lafler* claim—the bad advice he allegedly received from counsel—has been available to him all along. Section 2255(f)(4) therefore provides him no relief. Accordingly, I conclude that petitioner has not met his burden to prove equitable tolling, and that his claims are time-barred.

## CONCLUSION

Petitioner's motion is time-barred pursuant to the one-year limitation period of the AEDPA. For this reason, his petition under 28 U.S.C. § 2255 should be **DENIED.**

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within **14 days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**
In San Juan, Puerto Rico, this 22nd day of April, 2015.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge